FILED
2/9/15 3:02 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>KEITH A. PIERCE and<br>BARBARA A. PIERCE<br><br>　　　　Debtors, | BANKRUPTCY NO. 14-10164-TPA<br><br><br><br>CHAPTER 11 |
| KEITH A. PIERCE and<br>BARBARA A. PIERCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>　　　　Defendant. | ADVERSARY CASE NO. 14-1065-TPA<br><br><br><br><br>Document No. ___11___ |

## ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG PNC BANK, NATIONAL ASSOCIATION AND THE DEBTORS

This matter having come before the Court on the Motion For Entry Of An Order Approving Settlement By and Among PNC Bank, National Association ("PNC Bank") and Keith A. Pierce and Barbara A. Pierce (the "Debtors") Pursuant to Rule 9019 of the Federal Rules Of Bankruptcy Procedure on the terms set forth in the Stipulation and Settlement Agreement Among Debtors and PNC Bank; and the Court having reviewed and conducted a hearing on the Motion, the Court hereby finds that:

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

(c) the relief requested in the Motion is in the best interests of the bankruptcy estate;

(e) the compromise and settlement memorialized in the settlement are the product of arm's-length, good faith negotiations by and between the Debtors and PNC Bank and is not the product of fraud or collusion. It meets the standards established by the United States Court of Appeals for the Third

BANK_FIN:498350-1 000011-165744

Circuit for approval of settlements. *In re Martin*, 91 F.3d 389 (3d Cir. 1996). These factors are (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and related expense and inconvenience; and (4) the interests of the creditors. *Id.*, at 393; see also, *Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002).

NOW, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), AND 362 OF THE BANKRUPTCY CODE AND RULES 4001, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Agreement, a copy of which is attached to the Motion as Exhibit A, is approved in its entirety.

3. The mortgage on 1350 West 10th Street, Erie, PA, shall be modified to $22,615.10, which will be paid over ten years at 5.25% at $242.64 per month.

4. The first and second mortgages of PNC Bank on the residence on Clifford Drive in the amounts of $40,627.42 and $8,628.98 shall be paid in full over ten years at 5.25% for monthly payments of $435.90 and $92.58.

5. The mortgage on the premises at 1352 West 10th Street, Erie, PA, shall be modified to have a secured balance of $17,275.21, which will be paid over ten years at 5.25% at $185.35 per month.

6. The first mortgage on 1312-14 West 9th Street shall be modified to show a secured amount of $32,093.62, which will be paid over ten years at 5.25% at $344.04 per month.

7. The second mortgage on 1312-14 West 9th Street shall be modified to show a secured amount of $2,000.00, which will be paid over ten years at 5.25% at $21.46 per month.

8. PNC Bank shall have an allowed unsecured claim in Debtors' Chapter 11 Bankruptcy case for the deficiency resulting from the modification of its secured claims.

BANK_FIN:498350-1 000011-165744

9. All other terms, provisions, conditions, obligations, covenants, agreements, rights and remedies set forth in the Note remain in full force and effect.

10. The Debtors cannot further modify or reduce PNC Bank's claim.

11. The terms of this Stipulation may not be modified, revised, altered or changed to any extent, whether set forth in a Chapter 13 Plan or not, without the express written consent of both the Debtors and PNC Bank.

12. The Debtors and PNC Bank agree that the recitals set forth herein are incorporated into the Stipulation as though set forth at length.

13. In the event the Debtors' Chapter 11 bankruptcy case is dismissed or converted to a Chapter 7 bankruptcy case, the modification of the terms of the PNC Bank's secured claims as set forth herein by the terms of this Stipulation shall be deemed null and void without further hearing or Order.

14. The terms of this Stipulation shall be incorporated in the terms of the Plan.

This Court shall retain jurisdiction to enforce the terms of this Stipulation.

Dated:

BY THE COURT:

February 9, 2015

Honorable Thomas P. Agresti
United States Bankruptcy Court

**The Clerk shall close
this Adversary**

-3-